IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| MOTOCICLETTA, INC. | § | |
|---|---|---|
| | § | |
| VS. | § | CASE NO. 4:17-cv-728 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |

*ON REMOVAL FROM:*

CAUSE NO. 348-294057-17

| MOTOCICLETTA, INC. | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | 348TH JUDICIAL DISTRICT |

EXHIBIT 4

Documents Filed in State Court

| Index | | |
|---|---|---|
| | Document | Filed |
| A | Plaintiff's Original Petition | 8/22/17 |
| B | Defendant Philadelphia Indemnity Insurance Company's Original Answer | 9/5/17 |
| C | Defendant Philadelphia Indemnity Insurance Company's Notice of Removal to Federal Court | 9/7/17 |

ALL EXECUTED PROCESS

# EXHIBIT A

CAUSE NO. 348-294057-17

FILED
TARRANT COUNTY
8/22/2017 11:34 AM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| MOTOCICLETTA, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | TARRANT COUNTY, TEXAS |
| PHILADELPHIA INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

MOTOCICLETTA, INC. files this suit for damages against PHILADELPHIA INDEMNITY INSURANCE COMPANY for negligence, breach of an insurance contract, bad faith and Violations of Texas Deceptive Trade Practices Act and in support hereof would show the Court and Jury:

### I.

### DISCOVERY CONTROL PLAN

1.    Discovery in this suit shall be according to a "Level 3" discovery control order, pursuant to Texas Rule of Civil Procedure 190.4.

### II.

### PARTIES

2.    MOTOCICLETTA, INC. ("Plaintiff") is a Texas Corporation. Plaintiff is the owner of a commercial property located at 2350 William D. Tate Avenue, Grapevine, Texas 76051.

3.    PHILADELPHIA INDEMNITY INSURANCE COMPANY is a Pennsylvania insurance company licensed to write property and casualty insurance in the State of Texas by the

Texas Department of Insurance. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

## III.

### VENUE AND JURISDICTION

5.      Venue is proper in Tarrant County as the Plaintiff owns, and the Defendants have insured, the property made the basis of this suit which is located in Tarrant County, Texas. Further, all or a substantial part of the events or omissions giving rise to this claim occurred in Tarrant County, Texas.

6.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff sues for monetary relief over $200,000.00 but not in excess of $1,000,000.00.

## IV.

### BACKGROUND FACTS

7.      Plaintiff is the owner of a commercial property located at 2350 William D. Tate Avenue, Grapevine, Texas 76051 (the "Property").

8.      The Property was insured by Defendant under Commercial Lines Policy No. PHPK1362101 (the "Policy") and in effect during all periods relevant hereto.

9.      In April and May of 2016 (specified date of loss May 26. 2016) the Property was hit by a series of hailstorms and a particularly large hailstorm on May 26, 2016 in which the Property sustained heavy roof and structural damage. After Plaintiff discovered the hail, wind and storm damage, Plaintiff notified Defendants about this loss.

10.     Defendant hired Vericlaim, Inc. to adjust the loss. Vericlaim, in turn, hired ProNet Group, Inc. to examine the Property and determine a probable date of loss. ProNet examined the property and opined that the damage to the roof occurred during hail storms in 2011 which were conveniently outside of the Policy period for coverage by Defendant. By employing this strategy to blame the 2011 storms in the 2016 adjustment, Defendant completely denied Plaintiff's claim and offered not even a partial payment for damage which may have been reasonably attributable to the 2016 storm. By employing this strategy, Defendant failed and refused to pay Plaintiff for the damages caused during the 2016 policy period. This failure to pay for the damages sustained during the policy periods is a breach of the terms of the Policy.

11.     Defendant failed and refused to pay Plaintiff an appropriate amount for losses and damages caused to Plaintiff's property by an occurrence covered under their contract of insurance.

<u>V.</u>

### <u>FIRST CAUSE OF ACTION-BREACH OF CONTRACT</u>

12.     Plaintiff contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit. As part of the contract for insurance, Plaintiff paid the Defendant premiums as required under the terms of the Policy. Defendants agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss." The damage to the Plaintiff's building was the type covered by the contract for insurance.

13.     Defendant breached the contract for insurance in one or more of the following ways:

(a)     Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

(b)     Failing to provide a reasonable explanation of the basis for denying the claim; and

(c)     Failing to promptly and equitably pay the claim once liability had become reasonably clear.

14.     This breach of contract by the Defendant is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VI.

## SECOND CAUSE OF ACTION-NEGLIGENCE

15.     Defendant owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry.

16.     Defendants breached its duty to Plaintiff in one or more of the following ways:

(a)     Failing to properly investigate the claim;

(b)     Failing to properly adjust the claim;

(c)     Failing to pay the claim in a timely manner.

17.     These acts or omissions by the Defendant, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VII.

## THIRD CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

18.     From and after the time the Plaintiff's claim was presented to Defendant, it's liability to pay the claim in accordance with the terms of the Policy was reasonably clear.  Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendant refused to accept the claim and pay Plaintiff.

19.     At that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Plaintiff will show that Defendant

failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying or partially paying a valid claim.

20.   Consequently, Defendant breached their duty to deal fairly and in good faith with the Plaintiff. Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

24.   Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact caused by Defendant's bad faith.

**VIII.**

**FOURTH CAUSE OF ACTION
DECEPTIVE TRADE PRACTICES**

25.   Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

26.   Violations of Section 17.46(b).   Defendant violated Section 17.46(b) of the Texas Business and Commerce Code.   Specifically, Defendant:

(a)   represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b)   represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(d)   represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(e)   failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce

the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

27.    Unconscionable Action or Course of Action.    Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

## IX.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS INSURANCE CODE

28.    Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code.  Specifically, Defendant:

(a)    misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b)    failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendants' liability had become reasonably clear; and/or

(c)    failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendants' denial of a claim or offer of a compromise settlement of a claim.

(d)    refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

29.    Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

30.    Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## X.

### DISCOVERY

31.    Pursuant to Tex.R.Civ.P. 194, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex.R.Civ.P. 194.2.

## XI.

### CONDITIONS PRECEDENT

32.    By letter dated June 21, 2017, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 et seq. All other conditions precedent to filing suit have been met, including Plaintiff's payment of the insurance premium to Defendant.

## XII.

### PRAYER

33.    For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for:

(a)    Actual damages;

(b)    Reasonable and necessary attorney's fees;

(c)    Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations;

(c)    Pre-judgment and post-judgment interest as allowed by law;

(d)    Costs of court;

(e)    All other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,


/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile

# EXHIBIT B

348-294057-17

FILED
TARRANT COUNTY
9/5/2017 4:25 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-294057-17

| | | |
|---|---|---|
| MOTOCICLETTA, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 348 JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

**Philadelphia Indemnity Insurance Company**, the Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff, Motocicletta, Inc. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

DEFENDANT'S ORIGINAL ANSWER

PAGE 1

5567938 v1 (55220.00264.000)

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.     As to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Defendant alleges that a *bona fide* dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

2.     Pleading further and in the alternative, Defendant states that any of Plaintiff's claims or causes based upon an alleged misrepresentation, inducement or reliance on a representation fails as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.— El Paso 1996) ("[A]n insured has a duty to read the policy and, failing to do so, would be charged with knowledge of the policy terms and conditions."), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy

whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

    3.    Pleading further and in the alternative, Defendant alleges that Plaintiff's claims that Defendant was negligent for "failing to properly investigate the claim", "failing to properly adjust the claim" and failing to pay the claim in a timely manner" fail to plead a cause of action cognizable under Texas law. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

    4.    Pleading further and in the alternative, Defendant alleges that Plaintiff's claims that Defendant is liable to Plaintiff under the Texas Deceptive Trade Practices–Consumer Protection Act fail because Plaintiff is not a "consumer" entitled to the protections of that Act because on information and belief, Plaintiff is a "business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more." Tex. Bus. & Com. Code § 17.45(4).

    5.    Pleading further and in the alternative, Defendant asserts that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

6.     Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

7.     Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

8.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

9.     Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

10.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK1362101, including but not limited to the following:

a. *Building and Personal Property Coverage Form* (CP 00 10 10 00), as modified by the *Texas Changes* endorsement (CP 01 42 01 11):

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**3. Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B. Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records....

    **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

    **(8)** Cooperate with us in the investigation or settlement of the claim.

**4. Loss Payment**

    **a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

    **(1)** Pay the value of lost or damaged property;

    **(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

    **(3)** Take all or any part of the property at an agreed or appraised value; or

    **(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

    We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

    **b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

**b.** *Causes of Loss – Special Form* (CP 10 30 10 00):

**A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.**, Exclusions; or

**2.** Limited in Section **C.**, Limitations;

that follow.

**B. Exclusions**

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

    **d.** **(1)** Wear and tear;

---

5567938 v1 (55220.00264.000)

      **(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

      **(3)** Settling, cracking, shrinking or expansion;

  **f.** Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

  **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

  **c.** Faulty, inadequate or defective:

      **(1)** Planning, zoning, development, surveying, siting;

      **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      **(3)** Materials used in repair, construction, renovation or remodeling, or

      **(4)** Maintenance;

    of part or all of any property on or off the described premises.

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

  **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

---

      **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c. *Commercial Property Conditions* endorsement (CP 00 90 07 88), modified by the *Texas Changes* endorsement (CP 01 42 03 12):

### D.  LEGAL ACTION AGAINST US

**a.** Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

    **(1)** There has been full compliance with all of the terms of the Coverage Part; and

    **(2)** The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.** With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

    **(1)** There has been full compliance with all of the terms of the Coverage Part; and

    **(2)** The action is brought within the earlier of the following:

        **(a)** Two years and one day from the date we accept or reject the claim; or

        **(b)** Three years and one day from the date of the loss or damage that is the subject of the claim.

### H.  POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.** We cover loss or damage commencing:

    **a.** During the policy period shown in the Declarations....

d. *Texas – Limitations On Fungus, Wet Rot, Dry Rot And Bacteria* endorsement (Form CP 01 62 06 02):

**A.** The following exclusion is added.  With respect to the loss or damage addressed therein, this exclusion supersedes any other exclusion which addresses fungus.

---

**"Fungus", Wet Rot, Dry Rot And Bacteria**

We will not pay for loss or damage caused directly or indirectly by the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

But if "fungus", wet or dry rot or bacteria results in:

1. A "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss", if the Causes Of Loss – Special Form applies;

2. A Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss, if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

This exclusion does not apply:

1. When "fungus", wet or dry rot or bacteria results from fire or lightning; or

2. To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

B. The following exclusion replaces any exclusion pertaining to continuous or repeated seepage or leakage of water; and supersedes any other exclusion, preclusion of coverage or exception to an exclusion pertaining to the leakage or discharge of water or steam from a system or appliance.

We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

C. The following is added:

**Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

1. The coverage described in **C.2.** and **C.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    a. A "specified cause of loss" other than fire or lightning", if the Causes Of Loss – Special Form applies;

    **b.**  A Covered Cause of Loss other than fire or lightning", if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

**2.**  We will pay for loss or damage by "fungus", wet or dry rot or bacteria. As used in this Limited Coverage, the term loss or damage means:

    **a.**  Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    **b.**  The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    **c.**  The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

**3.**  The coverage described under **C.2.** of this Limited Coverage is limited to $15,000. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences described in **C.1.**, which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

11.    Pleading further and in the alternative, Defendant asserts the other coverage language, exclusions, limitations, definitions and defenses reflected in the policy of insurance Defendant issued to Plaintiff.

12.    Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

13.    Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from

recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>PRAYER</u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Motocicletta, Inc. has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By:_____*/s/   William R. Pilat*_____
    William R. Pilat
    State Bar No. 00788205
    Email: wpilat@krcl.com
    Andrew J. Mihalick
    State Bar No. 24046439
    Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

Bradford T. Smith
Texas Bar No. 24070634
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone:  214-777-4200
Facsimile:  214-777-4299

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, a true and correct copy of the foregoing *Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Tarrant County District Court:

Timothy M. Hoch
HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107

*/s/   William R. Pilat*
William R. Pilat

# EXHIBIT C

CAUSE NO. 348-294057-17

| | | |
|---|---|---|
| MOTOCICLETTA, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 348TH JUDICIAL DISTRICT |

---

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

---

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, a Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Northern District of Texas, Fort Worth Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit "A,"** and that this action is removed to the United States District Court for the Northern District of Texas for trial as of this date, September 7, 2017. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/   William R. Pilat_
    William R. Pilat
    State Bar No. 00788205
    Email: wpilat@krcl.com
    Andrew J. Mihalick
    State Bar No. 24046439
    Email: amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

ATTORNEYS FOR DEFENDANT PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on September 7, 2017, , a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other counsel of record, as listed below, via e-Filing with the electronic service provider for the Collin County District Courts:

Timothy M. Hoch
HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107

    _/s/   William R. Pilat_
    William R. Pilat